IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER ON MOTION** |
| vs. | ) | **FOR EXTENSION** |
| | ) | |
| Crystal Dawn Mattern, | ) | Criminal No. 3:07-cr-101 |
| | ) | |
| Defendant. | ) | |

Before the Court is a Motion for Extension filed by Defendant Crystal Mattern (Doc. #14).

Defendant seeks an extension of time, until at least August 1, 2009, to file her motion to vacate, set

aside, or correct sentence under 28 U.S.C. § 2255.

"A federal court lacks jurisdiction to consider the timeliness of a § 2255 petition until a

petition is actually filed." United States v. Leon, 203 F.3d 162, 164 (2d Cir. 2000). When an actual

§ 2255 petition has not yet been filed, there is no case or controversy to be heard, and any opinion

rendered on the issue of timeliness would be merely advisory. Id. Thus, before a § 2255 petition

is filed, the court lacks jurisdiction to either extend the time for filing such a petition or to equitably

toll the limitation period. See id. at 163-64; see also United States v. McFarland, 125 Fed. Appx.

573, 574 (5th Cir. 2005); United States v. Moore, 56 Fed. Appx. 686, 687 (6th Cir. 2003).

Here, Defendant has not yet filed a motion to vacate under 28 U.S.C. § 2255. Therefore,

based on the foregoing principles, it is clear that this Court lacks jurisdiction to consider the

timeliness of any such motion she may file in the future, including whether to extend the filing

deadline. Once Defendant has actually filed a § 2255 motion, the issue of timeliness will be

properly before the Court.

Defendant's Motion for Extension is hereby **DENIED**.

**IT IS SO ORDERED.**

Dated this 29th day of April, 2009.


                                                      /s/   Ralph R. Erickson
                                                Ralph R. Erickson, District Judge
                                                United States District Court